UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE PAINTERS UNION
DEPOSIT FUND, a voluntary
unincorporated trust,

Case No.
Hon.

        Plaintiff,

-vs-

ISA FLOORS, INC., CARLA CARVALHO
and DANILLO MARCOS, jointly and severally,

        Defendants.
_____/

MARK MERLANTI (P35804)
FINKEL WHITEFIELD SELIK
Attorneys for Plaintiff
32300 Northwestern Highway, #200
Farmington Hills, Michigan 48334-1567
248/855-6500
_____/

## COMPLAINT

Plaintiff, by and through its attorneys, FINKEL WHITEFIELD SELIK, complains against Defendants as follows:

1) Plaintiff (the Fund or the Funds) is a voluntary, unincorporated trust, having its principal place of business in Southfield, Oakland County, Michigan.

2) Defendant, ISA Floors, Inc. (ISA) is a Michigan corporation with its principal place of business at 119 Fairhills Dr., Ypsilanti, MI 48197, and is an

1

employer in an industry affecting commerce within the meaning of Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. 185 (hereinafter "the Act").

3) Defendant, Danillo Marcos (Marcos), is an individual who, upon information and belief, resides in Washtenaw County, Michigan.

4) Defendant Carla Carvalho (Carvalho) is an individual who, upon information and belief, resides in Washtenaw County, Michigan.

5) Jurisdiction of this Court is predicated on Section 301 of the Act, this being a suit for violation of a contract between an employer and labor organization representing employees in an industry affecting interstate commerce. Jurisdiction of this Court is further predicated on Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. 1132, 1145 (hereinafter "ERISA"), this being a civil suit on behalf of named fiduciaries to enforce Defendant ISA's obligations under the terms and conditions of a certain collective bargaining agreement and pension and employee benefit plan documents, and to enjoin certain acts and practices of Defendant ISA which violate the terms and conditions thereof.

6) On January 30, 2018, Defendant ISA entered into a collective bargaining agreement with IUPAT District Council No. 1M of the International Brotherhood of Painters and Allied Trades (AFL-CIO), hereinafter "the Painters

Union". Defendants Carvalho and Marco are designated in that agreement as President and Vice President of Defendant ISA, respectively. A copy of the collective bargaining agreement is attached and incorporated by reference as **Exhibit A**.

7) Under the collective bargaining agreement, Defendant ISA became obligated to make periodic payments to Plaintiff for various employee benefit funds established under the collective bargaining agreement. These payments represented a portion of wages earned by the employees of Defendant ISA, who are members of the Painters Union, and who work within the jurisdiction of the Painters Union.

8) Pursuant to the above-referenced collective bargaining agreement, Plaintiff is a collection fund created to coordinate the activities of the various employee benefit funds on behalf of the Painters Union, including, but not limited to the collection of contributions thereto and the prosecution of delinquencies. Plaintiff is a third-party beneficiary of the collective bargaining agreement.

9) Due to the failure of Defendant ISA to make the required fringe benefit contributions for the period of November 1, 2018 through April 30, 2019, it was agreed between the parties that Defendant owed $75,239.25 in unpaid fringe benefit contributions and an additional $14,962.44 in liquidated damages, all as more fully set forth in the acknowledgment of indebtedness and agreement to pay fringe benefit

contributions (Payment Agreement), executed by the parties on May 28, 2019, attached hereto and incorporated by reference as **Exhibit B**.

10) Defendant ISA is in default of the Payment Agreement, having only made two payments of $6,269.84 each, pursuant to which the amount owed under that Agreement was accelerated and is presently $77,661.81.

11) Defendant ISA has violated the terms of the collective bargaining agreement with the Painters Union and the various trust agreements incorporated therein by reference, by failing to file the required monthly reports and make payment of the periodic fringe benefit contributions that said Defendant ISA was obligated to pay to Plaintiff, for the months of June 2019 through December 2019, which obligations are ongoing.

12) On or about January 9, 2020, the Fund conducted an audit of Defendant ISA. The records submitted by Defendant ISA for the period of June 2019 through October 2019, consisting of payroll records and were not supported by the required Monthly Payroll Reports. Further, Defendant ISA, did not provide payroll records for the months of November and December 2019. A copy of the Debit Memo created by the Fund pursuant to that audit is attached and incorporated by reference as **Exhibit C**.

13) As a result of the referenced audit, it was determined that Defendant ISA, had additional liability to the Fund for unpaid fringe benefits in the amount of

$53,658.99, plus liquidated damages of $10,731.80. The audit determined that no additional amounts were owed pursuant to period covered by the above-referenced Payment Agreement.

14) The total amount of fringe benefit contributions and associated liquidated damages, owed to Plaintiff by Defendant, ISA, is not presently known, as said Defendant did not produce payroll records or monthly payroll reports for the period of November 2019 forward. As a result, the total amount of fringe benefit contributions owed to Plaintiff cannot be determined at this time.

15) Defendant ISA has failed and refused to pay the above-described amounts and otherwise comply with the provisions of the collective bargaining agreement, relating to the payment of fringe benefit contributions and the submission of monthly reports.

16) On information and belief, the individual Defendants have further acted in concert to breach the obligations of the business entity, Defendant ISA, to pay contributions to the Funds and to divert money paid to Defendant ISA to be held in trust for the Funds.

17) Defendant ISA's persistent flaunting of the contractual and statutory obligations to submit contribution reports and pay contributions in a timely manner, constitutes willful dereliction of its obligations. Such dereliction has caused and will continue to cause irreparable injury to the participants and beneficiaries of the Funds,

through jeopardizing their rights to benefits necessary to their health and well-being to which those beneficiaries are entitled.

18) The actions of Defendant ISA described above threaten and continue to threaten the financial integrity of the Funds and impair their capacity to formulate funding standards, as well as cause the Funds to lose the monetary benefit of investment income which could be realized if said Defendant's fringe benefit contributions were remitted in a timely fashion.

19) The actions of Defendant ISA and the individual Defendants as described above, constitute actual threats of irreparable injury to the Funds and their participants and beneficiaries for which there is no adequate remedy at law, and public policy supports enjoining Defendants' activities.

20) Under Section 502 of ERISA, 29 U.S.C. 1132, when the trustees of multiemployer fringe benefit funds obtain a judgment in favor of the funds in litigation to collect unpaid contributions, the Court shall award the greater of interest or liquidated damages provided for by the funds, in an amount not be exceed twenty percent of the unpaid contributions.

21) Under Section 502 of ERISA, 29 U.S.C. 1132, when the trustees of multiemployer fringe benefit funds obtain a judgment in favor of the funds in litigation to collect unpaid contributions, the court shall award . . . reasonable attorney fees and costs of the action, to be paid by the defendant, as well as interest

on the unpaid contributions pursuant to statute.

22) On information and belief, Defendants may have engaged in a pattern of fraud to avoid paying required fringe benefit contributions to the Funds, and engaged in misconduct which includes converting money paid to Defendant ISA for the purpose of paying fringe benefit contributions to the Funds, retaining money required to be held in trust under the Michigan Builders Trust Fund Act, M.C.L.A. 570.151-53 for the benefit of Defendant ISA's employees, withholding money from employee wages for transfer to the Funds but failing to do so, failing to submit monthly reports containing information about work performed by Defendant ISA's employees and intentionally engaging in a scheme to deprive the Funds of money owing to them.

23) As officers, owners and/or persons who make decisions with respect to the business entity's compliance with their obligations to the Funds, and who operates the business entity as alter ego of himself/herself, for their benefit, special circumstances exist to dictate that Defendants Carvalho and Marcos maintain responsibility for the business entity compliance with its obligations to the Funds, on the basis that Defendants Carvalho and Marcos individually and/or collectively are an alter ego of the business entity, and on information and belief, Defendants Carvalho and Marcos, with fraudulent intent, improperly diverted money which the business entity and any other entity composing Defendant ISA was required to hold

in trust for payment of fringe benefit contributions to the Funds under the Michigan Builders Trust Fund Act, M.C.L.A. 570.151-53, 29 C.F.R. 2510.3-102 and ERISA, exclusive of other reasons which may independently dictate that the individual Defendants maintain responsibility for the business entity's compliance with its obligations to the Funds.

24) Defendants Carvalho and Marcos are fiduciaries of the Funds as a result of their individual and/or collective exercise of authority or control over unpaid fringe benefit contributions that constitute assets of the Funds. On information and belief, Defendants Carvalho and Marcos breached those fiduciary duties to the Funds by electing to use money within their authority or control for purposes other than paying required fringe benefit contributions to the Funds.

WHEREFORE, Plaintiff prays:

A. That this Court enter judgment against all Defendants, jointly and severally, in the amount of $142,052.60, representing the $77,661.81 owed pursuant to the Payment Agreement and $64,390.79 owed pursuant to the January 2020 audit. Plaintiff further requests that it be awarded its costs and attorney fees against all Defendants, jointly and severally, including attorney fees owed pursuant to the cited statute and attorney fees incurred by Plaintiff in the preparation, institution and prosecution of this proceeding, all applicable liquidated damages and statutory interest, together with any other legal and/or equitable relief to which it is entitled.

B. Plaintiff requests that this Court order the Defendants to forthwith produce the Monthly Payroll Reports of Defendant ISA Floors, Inc., for the months of June 2019 through December 2019, and additional reports as they become due, such that Plaintiff may determine the correct amounts owing by them for all such periods, including liquidated damages, interest for each delinquent monthly contribution, costs and the attorney fees, including the attorney fees incurred by Plaintiff in the preparation, institution and prosecution of this proceeding;

C.   That this Court order that Defendant, ISA Floors, Inc., forthwith produce its records for an audit to be conducted by the Plaintiff for the period of November 2019, forward;

D.   That this Court decree specific performance of the trust provision and collective bargaining agreement regarding the obligations of Defendant, ISA Floors, Inc.;

E. That this Court grant Plaintiff such other and further relief as may be deemed appropriate.

Dated: January 13, 2020               FINKEL WHITEFIELD SELIK

                                      */s/ Mark Merlanti*

                                      _____
                                      MARK MERLANTI (P35804)
                                      Attorneys for Plaintiff
                                      32300 Northwestern, Suite 200
                                      Farmington Hills, MI 48334-1567
                                      (248) 855-6500
                                      mmerlanti@fwslaw.com